**James PICKERING**

v.

**C. Murray HENDERSON, Warden.**

**Misc. No. 1145.**

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

Oct. 20, 1971.

James Pickering, in pro. per.

Cheney C. Joseph, Jr., J. David Mc-Neill, III, Sp. Counsel, Baton Rouge, La., for respondent.

E. GORDON WEST, Chief Judge:

On July 1, 1968, James Pickering pleaded guilty to possession of marijuana in the Nineteenth Judicial District Court of the State of Louisiana and was sentenced to ten years confinement in the Louisiana State Penitentiary. He filed a petition for a writ of habeas corpus in the state courts which was finally denied by the Supreme Court of Louisiana on September 25, 1970. Having thus exhausted his available state court remedies, petitioner filed the present petition for habeas corpus in this court alleging that his guilty plea was not made voluntarily. The matter was referred to a United States Magistrate for review and recommendations as to whether a plenary hearing should be held. Pursuant to the recommendation contained in the Magistrate's report, a hearing was held on July 30, 1971, to give the petitioner an opportunity to substantiate his allegations. Testimony was given at the hearing by Mr. Pickering and by Mr. W. D. Atkins, Jr., the attorney who represented Mr. Pickering in 1968.

Pickering and a number of other persons were arrested on March 12, 1968. When Atkins appeared at the jail to advise two members of the group, the petitioner indicated he also would like to employ Atkins as counsel. Atkins thereupon went to the District Attorney's office and was told that Pickering was charged with selling, giving or distributing marijuana to someone under the age of twenty-one years. At that time selling marijuana to a minor was a capital offense. The State indicated that it fully intended to prosecute Pickering to the maximum extent allowed by law, which intent Atkins conveyed to petitioner.

At a preliminary hearing requested by petitioner testimony by police and a minor established a prima facie case against Pickering on the charge of giving or selling marijuana to a minor. Shortly thereafter Atkins told Pickering that he would talk with the District Attorney's office about a possible reduction of the charge. Atkins also told petitioner that he was entitled to a jury trial if he wished to plead not guilty, although Atkins himself would not be able to represent Pickering at a trial because of a possible conflict of interest with the attorney's other clients.

The District Attorney's office agreed to reduce the charge to possession of marijuana with a recommendation of a ten year jail sentence if Pickering would plead guilty. Atkins told Pickering of the proposal and that he certainly had the right to take his chances before a jury if he wished, although in so doing he would be prosecuted for the capital offense. The possibility of parole was discussed at this time also, and it is upon this point that Pickering relies most heavily in his assertion that his plea was not voluntary.

Pickering stated at the hearing that he pleaded guilty because Atkins promised him that he would be "going on the pardon board" in one month, which he would not make, and that one year later he would "go up on it and make it." Atkins agreed that he told Pickering about the possibilities of parole but testified that he did not unconditionally promise to enter an application for pardon on behalf of Pickering; rather, such action would depend on his being paid for his services. There is a dispute as to whether any fee was paid. There is also some conflict as to whether or not there was a promise to reduce the ten year sentence if Pickering cooperated with the police by pointing out other persons connected with the drug market.

Neither of the disputed promises need distract us from the question of whether or not Pickering's plea was voluntary for it seems quite apparent that the real reason behind the plea was the District Attorney's promise that the charge would be reduced from selling of marijuana to possession of it. This promise, with the attendant reduction in the maximum possible sentence from death to ten years imprisonment, must be regarded as the primary impetus for petitioner's plea. See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785. James Pickering knew that the original charge against him carried a possible sentence of death and that the recommended sentence under the reduced charge would be ten years in jail. He knew he had a right to a jury trial if he wished to plead not guilty. And he was told by his counsel to balance the alternatives in light of the evidence produced at the preliminary hearing. He made his decision, freely and intelligently.

Pickering was most concerned with eliminating the possibility of being sentenced to death. Any promises alleged to have been made by Atkins were merely secondary—to say that they were the deciding factor in Pickering's plea of guilty would be to ignore what logic should tell us and repudiate what common sense has taught us. For these reasons the guilty plea given by James Pickering is found to have been voluntarily made and therefore his petition for a writ of habeas corpus will be denied and judgment will be entered accordingly.